1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 RANDAL RUIZ,                                          Civil No.    06-CV-1191 JM (AJB)
   CDC# V-00678,

12
                                          Plaintiff,

13                                                       **ORDER:**

14                                                       **(1) GRANTING PLAINTIFF'S
                                                         MOTION TO PROCEED** *IN FORMA*
15                   vs.                                 *PAUPERIS***, ASSESSING NO
                                                         INITIAL PARTIAL FILING FEE
16                                                       AND GARNISHING $350 BALANCE
                                                         FROM PRISONER'S TRUST
17                                                       ACCOUNT [Doc. No. 7]; AND**

18 Cpt ESQUIBEL, et al.,                                 **(2)  SUA SPONTE DISMISSING
                                                         COMPLAINT FOR FAILING TO
19                                                       STATE A CLAIM PURSUANT TO
                                                         28 U.S.C. § 1915(e)(2)(B)(ii)
20                                        Defendants.    AND § 1915A(b)(1).**

21                                                       **[Doc. No. 7]**

22

23      Randal Ruiz ("Plaintiff"), a state prisoner currently incarcerated at Richard J. Donovan

24 Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed a civil

25 rights Complaint pursuant to 42 U.S.C. § 1983.  This case has been referred to the Honorable

26 Anthony J. Battaglia, Magistrate Judge, pursuant to Local Rule 72.3, "Assignment of § 1983

27 Prisoner Civil Cases to United States Magistrate Judges" and 28 U.S.C. § 636(b)(1).

28 ////

1   **I.      Motion to Proceed IFP**

2          Effective April 9, 2006, all parties instituting any civil action, suit or proceeding in a

3   district court of the United States, except an application for writ of habeas corpus, must pay a

4   filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to

5   prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C.

6   § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave

7   to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of

8   whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

9          Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a

10  prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account

11  statement (or institutional equivalent) for the prisoner for the six-month period immediately

12  preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account

13  statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits

14  in the account for the past six months, or (b) the average monthly balance in the account for the

15  past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C.

16  § 1915(b)(1); 28 U.S.C. § 1915(b)(4). That institution having custody of the prisoner must

17  collect subsequent payments, assessed at 20% of the preceding month's income, in any month

18  in which the prisoner's account exceeds $10, and forward those payments to the Court until the

19  entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

20         The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C.

21  § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to

22  28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that

23  he has insufficient funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4)

24  (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or

25  appealing a civil action or criminal judgment for the reason that the prisoner has no assets and

26  no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that

27  28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case

28  based solely on a "failure to pay . . . due to the lack of funds available to him when payment is

1  ordered."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 7] and

2  assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the entire $350

3  balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court

4  pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

5  **II.     Initial Screening per 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)**

6      **A.     Standard of Review**

7         The PLRA also obligates the Court to review complaints filed by all persons proceeding

8  IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused

9  of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or

10 conditions of parole, probation, pretrial release, or diversionary program," "as soon as

11 practicable after docketing."  *See* 28 U.S.C. § 1915(e)(2) and § 1915A(b).   Under these

12 provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion

13 thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from

14 defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A; *Calhoun v. Stahl*, 254

15 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited

16 to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that

17 28 U.S.C. §  1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma*

18 *pauperis* complaint that fails to state a claim); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir.

19 2000) (§ 1915A).[1]

20        Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte

21 dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130.  An action is

22 frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319,

23

24    [1]  The fact that Plaintiff has been granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a) only permits him to commence this action without full prepayment of the $350 civil filing fee mandated

25 by 28 U.S.C. § 1914(a).  Plaintiff's obligation to pay the entire $350 fee pursuant to the installment provisions of 28 U.S.C. § 1915(b) is unaffected by dismissal. *See, e.g., Williams v. Roberts*, 116 F.3d

26 1126, 1127 (5th Cir. 1997) ("plain language of the PLRA holds that ... fees be assessed at the moment [of filing], regardless of whether the appeal [or complaint] is later dismissed"); *McGore v.*

27 *Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) ("The dismissal of a complaint under § 1915(e)(2) or § 1915A does not negate a prisoner's obligation to pay the filing fee in accordance with § 1915(b)(1)-

28 (2)"); *accord In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997); *Thurman v. Gramley*, 97 F.3d 185, 187 (7th Cir. 1996).

1    324 (1989).   However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court

2    reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting

3    service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2).  *See Calhoun*,

4    254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601,

5    604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur

6    "before service of process is made on the opposing parties"); *Barren v. Harrington*, 152 F.3d

7    1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

8         "[W]hen determining whether a complaint states a claim, a court must accept as true all

9    allegations of material fact and must construe those facts in the light most favorable to the

10   plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

11   "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews*, 398 F.3d at

12   1121.   In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-*

13   *Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly

14   important in civil rights cases."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  In

15   giving liberal interpretation to a pro se civil rights complaint, however, the court may not

16   "supply essential elements of claims that were not initially pled."  *Ivey v. Board of Regents of*

17   *the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

18        **B.      Failure to State a Claim**

19        As currently pleaded, it is clear that Plaintiff's Complaint fails to state a cognizable claim

20   under 42 U.S.C. § 1983.   Section 1983 imposes two essential proof requirements upon a

21   claimant:  (1) that a person acting under color of state law committed the conduct at issue, and

22   (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the

23   Constitution or laws of the United States.  *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S.

24   637, 124 S. Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985)

25   (en banc).

26        **C.      Verbal Harassment claims**

27        Plaintiff claims that he has been subjected to "involuntary radio harassment" and

28   "environmental verbal harassment" in violation of his civil rights. (Compl. at 5.)   However,

1   verbal harassment or verbal abuse by prison officials does not constitute a violation of the Eighth

2   Amendment.  *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (harassment does not

3   constitute an Eighth Amendment violation); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th

4   Cir. 1987) (harassment in the form of vulgar language directed at an inmate is not cognizable

5   under § 1983); *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (verbal threats and name

6   calling are not actionable under § 1983).  Moreover, it appears as though Plaintiff is claiming

7   that the "involuntary radio harassment" or "IVR" violates his civil rights because he is forced

8   to listen to music played by other inmates on their radios.  The Court is not aware of any

9   constitutional right by an inmate to listen to the music of their choice.

10          **D.      Respondeat Superior**

11          Plaintiff further claims that some of the Defendants are liable for the alleged harassment

12   under a theory of respondeat superior.  (Compl. at 6.)  However, there is no respondeat superior

13   liability under 42 U.S.C. § 1983.  *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993).

14   Instead, "[t]he inquiry into causation must be individualized and focus on the duties and

15   responsibilities of each individual defendant whose acts or omissions are alleged to have caused

16   a constitutional deprivation."  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo*

17   *v. Goode*, 423 U.S. 362, 370-71 (1976)).  In order to avoid the respondeat superior bar, Plaintiff

18   must allege personal acts by each individual Defendant which have a direct causal connection

19   to the constitutional violation at issue.  *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir.

20   1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  As a supervisor, a Defendant may

21   only be held liable for the allegedly unconstitutional violations of his subordinates if Plaintiff

22   alleges specific facts which show: (1) how or to what extent this supervisor personally

23   participated in or directed Defendants' actions, and (2) in either acting or failing to act, the

24   supervisor was an actual and proximate cause of the deprivation of his constitutional rights.

25   *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  As currently pleaded, however, Plaintiff's

26   Complaint in no way sets forth facts which might be liberally construed to support an

27   individualized constitutional claim against any named Defendant.

28   ////

06cv1191

1 **E.    Conspiracy Claims**

2    In his Complaint, Plaintiff claims that his "allegations are sufficient to support [a claim]

3 for conspiracy." (Compl. at 9.)  In order to allege a claim of conspiracy under § 1983, Plaintiff

4 must allege facts with sufficient particularity to show an agreement or a meeting of the minds

5 to violate his constitutional rights.  *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998);

6 *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989).  Thus, pleading a

7 conspiracy requires more than a conclusory allegation that Defendants conspired to deprive

8 Plaintiff's civil rights. The Ninth Circuit applies a heightened pleading standard to conspiracy

9 claims under Section 1983 and has held that mere conclusory allegations of conspiracy (i.e. bare

10 allegations that a defendant "conspired" with another) are insufficient to state a claim.[2]  *See*

11 *Harris v. Roderick*, 126 F.3d 1189, 1195 (9th Cir. 1997); *Buckey v. County of Los Angeles*, 968

12 F.2d 791, 794 (9th Cir. 1992).  Rather, "[t]o state a claim for a conspiracy to violate one's

13 constitutional rights under section 1983, the plaintiff must state specific facts to support the

14 existence of the claimed conspiracy."  *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir.

15 1989); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 679 n.6 (9th Cir. 2001) (holding that

16 plaintiffs must allege facts which are "specific and concrete enough to enable the defendants to

17 prepare a response, and where appropriate, a motion for summary judgment based on qualified

18 immunity."); *Buckey*, 968 F.2d at 794.  A plaintiff can meet the heightened pleading standard

19 by alleging "which defendants conspired, how they conspired and how the conspiracy led to a

20 deprivation of his constitutional rights."  *Harris*, 126 F.3d at 1196.  As currently pleaded,

21 however, Plaintiff's conspiracy claims amount to no more than "vague and conclusory

22 allegations of official participation in civil rights violations," therefore, they fail to state a claim.

23 *See Ivey v. Board of Regents*,  673 F.2d 266, 268 (9th Cir. 1982); *Aldabe v. Aldabe*,  616 F.2d

24

25 [2] The Ninth Circuit has specifically held that conspiracy claims are subject to this heightened pleading standard since they require the plaintiff to show that the defendant agreed to join the conspiracy.  *See Harris*, 126 F.3d at 1195; *Margolis*, 140 F.3d at 853; *Mendocino Envt'l Ctr. v.*
26 *Mendocino County*, 14 F.3d 457, 459 (9th Cir. 1994) (applying identical standard to conspiracy claim in *Bivens* action).  Although the Ninth Circuit recently eliminated the application of a heightened
27 pleading standard to all cases where an improper motive is an element, it did not modify the requirement in regard to allegations of conspiracy.  *See Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir.
28 2002).

06cv1191

1   1089, 1092 (9th Cir. 1980) (conclusory allegations of conspiracy insufficient to support a claim

2   under section 1983 or 1985).

3      Accordingly, the Court finds that Plaintiff's Complaint fails to state a section 1983 claim

4   upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C.

5   §§ 1915(e)(2)(b) & 1915A(b).  The Court will provide Plaintiff with an opportunity to amend

6   his pleading to cure the defects set forth above.  Plaintiff is warned that if his amended complaint

7   fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and

8   without leave to amend.

9   **III.      Conclusion and Order**

10     1.      Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 7]

11  is **GRANTED**.

12     2.      The Acting Secretary of California Department of Corrections and Rehabilitation,

13  or his designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the

14  filing fee owed in this case by collecting monthly payments from the trust account in an amount

15  equal to twenty percent (20%) of the preceding month's income credited to the account and

16  forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in

17  accordance  with  28  U.S.C.  §  1915(b)(2).   ALL  PAYMENTS  SHALL  BE  CLEARLY

18  IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

19     3.      The Clerk of the Court is directed to serve a copy of this Order on James Tilton,

20  Acting Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite

21  502, Sacramento, California 95814.

22      **IT IS FURTHER ORDERED** that:

23     4.      Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim

24  upon  which  relief  may  be  granted.   *See* 28 U.S.C. §§ 1915(e)(2)(b)(ii) & 1915A(b)(1).

25  However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is stamped

26  "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading

27  noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the

28  superseded pleading. *See* S. D. CAL. CIVLR. 15.1.  Defendants not named and all claims not re-

1  alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814

2  F.2d 565, 567 (9th Cir. 1987).

3      Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief

4  may be granted, it may be dismissed without further leave to amend and may hereafter be

5  counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79

6  (9th Cir. 1996).

7      5.    The Clerk of the Court is directed to mail a Form Amended § 1983 Complaint to

8  Plaintiff.

9      **IT IS SO ORDERED.**

10  DATED:  September 22, 2006

11                              _____

12                              Hon. Jeffrey T. Miller
                                United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28