**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RANDAL RUIZ,<br>CDC# V-00678<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>Cpt. ESQUIBEL, et al.,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 06 CV 1191 JM (AJB)<br><br>**ORDER DENYING EX PARTE APPLICATION FOR ORDER AND OVERRULING OBJECTION TO PURPORTED DUPLICATIVE COMPLAINT**<br><br>**[Docket No. 12]** |

　　　　Pending before the court is Plaintiff's Notice of Ex Parte Application for Order; Objection to Purported Duplicative Complaint. See Docket No. 12. Plaintiff is a prisoner proceeding pro se in this § 1983 action. On June 5, 2006, Plaintiff filed his original complaint, which was dismissed sua sponte on September 22, 2006 for failure to state a claim upon which relief may be granted. See Docket No. 8. Plaintiff was given 45 days from the order of dismissal to file a first amended complaint ("FAC"). On October 20, 2006, Plaintiff requested an extension of the deadline for filing his FAC. The court granted the extension and ordered Plaintiff to file his FAC no later than December 15, 2006. See Docket No. 11.

　　　　On November 21, 2006, Plaintiff filed the present ex parte application seeking an order "enjoining RJD officials to relinquish plaintiff's pro se legal materials, seized from plaintiff on Sept. 20, 2006." See Docket No. 12. On January 9, 2007, Plaintiff filed his FAC, nunc pro tunc to December 20, 2006. See Docket No. 14.

/ / /

1    Service of the summons or filing a waiver of service is effective to establish personal
2 jurisdiction over a defendant who, <u>inter</u> <u>alia</u>, could be subjected to the jurisdiction of a court of general
3 jurisdiction in the state in which the district court is located.  Fed. R. Civ. P. 4(k)(1)(A).  Here, the
4 FAC has not yet been served.  Therefore, the court is without authority to issue injunctive relief
5 against defendants and Plaintiff's application must be denied.  <u>See</u> <u>id.</u>; <u>see</u> <u>also</u> <u>Murphy Bros., Inc. v.</u>
6 <u>Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially,
7 and is required to take action in that capacity, only upon service of summons or other
8 authority-asserting measure stating the time within which the party served must appear to defend.").

10    Alternatively, to the extent the present application requests an enlargement of time within
11 which to file the FAC, the application is denied as moot since Plaintiff has already filed his FAC.
12    Finally, with respect to Plaintiff's "objection" that his previously filed case, case number
13 06-CV-1270 is a "phony case" that "appears to be a 'set up' intended to strike [Plaintiff] out under the
14 P.L.R.A.", this objection is without merit.  Plaintiff has provided no reasons as to why 06-CV-1270
15 is a "phony case" or otherwise not a case brought by Plaintiff.  Accordingly, Plaintiff's "objection"
16 is overruled.
17    For the foregoing reasons, the ex parte application is **DENIED** in its entirety.
18    **IT IS SO ORDERED.**
19 DATED: January 23, 2007

         _____
                Hon. Jeffrey T. Miller
                United States District Judge

22 cc: All Parties