# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDAL RUIZ,<br>CDC #V-00678<br><br>                    Plaintiff,<br><br>vs.<br><br>Cpt ESQUIBEL, et al.,<br><br>                    Defendants. | Civil No.  06-1191 JM (AJB)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(b)(ii) & 1915A(b)(1)** |

Plaintiff, a California state prisoner currently incarcerated at Pleasant Valley State Prison in Coalinga, California, and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On September 22, 2006, this Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") but simoultaneously sua sponte dismissed his Complaint for failing to state a claim. *See* Sept. 22, 2006 Order at 7-8. The Court granted Plaintiff leave to file an Amended Complaint correcting the deficiencies of pleading identified by the Court in its Order. *Id.* at 8. On January 9, 2007, Plaintiff filed his First Amended Complaint ("FAC") [Doc. No. 13].

///
///

**I.     Sua Sponte Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

**A.     Standard of Review**

As stated in the Court's previous Order, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A; *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties"); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

////

1    "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews*, 398 F.3d at 1121. In addition, while screening a Complaint under §§ 1915(e)(2) and 1915A, the Court has the same duty to liberally construe a pro se's pleadings as it does under Rule 12, but it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

**B.     Application to Plaintiff's Complaint**

As currently pleaded, it is clear that Plaintiff's First Amended Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. "Section 1983 authorizes a 'suit in equity, or other proper proceeding for redress' against any person who, under color of state law, 'subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution.'" *Nelson v. Campbell,* 541 U.S. 637, 643 (2004) (quoting 42 U.S.C. § 1983); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

**C.     First Amendment Claims**

In his First Amended Complaint, Plaintiff alleges that his First Amendment rights were violated when prison officials refused to allow him to receive Playboy magazine. (FAC at 11.) Plaintiff claims that "prison officials have no legitimate penological purpose in imposing their own standards for sexual morality on the inmates." (*Id.*)

A prison may adopt regulations which impinge on an inmate's constitutional rights if those regulations are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). The relevant factors in determining whether a regulation, or its application in a particular situation, is reasonable are as follows: (1) whether there is a valid, rational connection between the regulation and a legitimate and

neutral government interest, (2) whether there are alternative means of exercising the constitutional right, (3) the impact the accommodation of the right will have on prison staff and other prisoners, and (4) whether the regulation is an exaggerated response to prison concerns, in light of readily available alternatives. *Turner*, 482 U.S. at 89-91.

The issue of whether the prison's regulation banning all material containing frontal nudity is rationally related to a legitimate penological interest under *Turner* has already been decided by the Ninth Circuit in *Mauro v. Arpaio*, 188 F.3d 1054 (9th Cir. 1999) (en banc). In *Mauro*, the Ninth Circuit held, after applying the *Turner* factors, that a county jail's regulation banning "sexually explicit materials," which were defined as "materials that show frontal nudity," was reasonably related to a legitimate penological purpose. *Id.* at 1057. Accordingly, Plaintiff's First Amendment claim relating to prison officials' refusal to allow material which contains frontal nudity is dismissed for failing to state a claim upon which relief can be granted.

### D. Fourteenth Amendment Procedural Due Process Claims

Throughout Plaintiff's First Amended Complaint, he claims that prison officials have not properly addressed his administrative grievances. The Fourteenth Amendment to the United States Constitution provides that: "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty or property interests sufficient to invoke due process protection. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). Thus, to state a procedural due process claim, Plaintiff must allege: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (citing *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)).

////

To the extent Plaintiff challenges the procedural adequacy of CDC inmate grievance procedures, his First Amended Complaint fails to state a due process claim. *See* 28 U.S.C. § 1915A(b)(1); *Resnick*, 213 F.3d at 446.  This is because the Ninth Circuit has held that prisoners have no protected *property* interest in an inmate grievance procedure arising directly from the Due Process Clause.  *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (finding that the due process clause of the Fourteenth Amendment creates "no legitimate claim of entitlement to a [prison] grievance procedure"); *accord Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (1995); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

In addition, Plaintiff has failed to plead facts sufficient to show that Defendants deprived him of a protected *liberty* interest by allegedly failing to respond to his prison grievances in a satisfactory manner.  While liberty interests can arise from state law or prison regulations, *Meachum*, 427 U.S. at 223-27, due process protections are implicated only if Plaintiff alleges facts to show that Defendants:  (1) restrained his freedom in a manner not expected from his sentence, and (2) "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).  Here, Plaintiff pleads no facts to suggest how the allegedly inadequate review and consideration of his inmate grievances amounted to a restraint on his freedom not contemplated by his original sentence or how they resulted in an "atypical" and "significant hardship." *Sandin*, 515 U.S. at 483-84.

Accordingly, Plaintiff's Fourteenth Amendment procedural due process claims are **DISMISSED** for failing to state a claim upon which relief can be granted.

### E. Fourth Amendment Cell Searches

Plaintiff claims that he has been subjected to "cell searches without notice" that has deprived Plaintiff of "peace of mind."  (FAC at 28.)  Although prisoners enjoy some protections under the Constitution, imprisonment carries with it the loss of many significant rights. *Hudson v. Palmer*, 468 U.S. 517, 524 (1984); *Bell v. Wolfish*, 441 U.S.

520, 537 (1979) ("Loss of freedom of choice and privacy are inherent incidents of confinement."). The curtailment of certain rights is necessary to accommodate a myriad of prison objectives, chief among which is internal security. *Id.*; *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989). A prisoner's expectation of privacy must always yield to the paramount interest in prison security. *Hudson*, 468 U.S. at 528. Thus, a prisoner does not have a legitimate expectation of privacy, and the Fourth Amendment proscription against unreasonable searches does not apply within the confines of a prison cell. *See id.* at 526, 536; *Mitchell v. Dupnik*, 75 F.3d 517, 522 (9th Cir. 1996). Thus, the Court hereby dismisses Plaintiff's Fourth Amendment cell search claims for failing to state a claim upon which § 1983 relief can be granted.

### F. Verbal Harassment

Finally, Plaintiff continues to claim that his constitutional rights are violated by the "involuntary radio harassment" and "environmental verbal harassment" that he suffers from prison officials. (FAC at 49.) However, as the Court previously informed Plaintiff, verbal harassment or verbal abuse by prison officials does not constitute a violation of the Eighth Amendment. *See* Sept. 22, 2006 Order at 3-5 (citing *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (harassment does not constitute an Eighth Amendment violation); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (harassment in the form of vulgar language directed at an inmate is not cognizable under § 1983); *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (verbal threats and name calling are not actionable under § 1983). Accordingly, because the Court has already warned Plaintiff that these claims did not rise to the level of a constitutional violation, the Court dismisses these claims, without leave to amend, for failing to state a claim upon which § 1983 relief can be granted.

## II. Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED**:

(1) Plaintiff's First Amended Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

1 | Plaintiff is granted forty-five (45) days from the date this Order is"Filed" in which to file
2 | an amended complaint which addresses each deficiency of pleading noted above.
3 | Plaintiff's Amended Complaint must be complete in itself without reference to the
4 | superseded pleading. *See* S. D. CA. CIV. L R. 15.1. Defendants not named and all claims
5 | not re-alleged in the Amended Complaint will be deemed to have been waived. *See King*
6 | *v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's amended complaint
7 | still fails to state a claim upon which relief may be granted, it may be dismissed without
8 | further leave to amend and may hereafter be considered a "strike" under 28 U.S.C.
9 | § 1915(g).

10 |     (2)    The Clerk of Court is directed to mail a form § 1983 Complaint to Plaintiff.
11 | **IT IS SO ORDERED.**
12 | DATED: March 1, 2007

_____
Hon. Jeffrey T. Miller
United States District Judge

16 | cc: All Parties